GERALD A. LAMB, TREASURER *v.* ALEXANDER YAKUTA

SUPERIOR COURT       FAIRFIELD COUNTY       FILE No. 123924
                     AT BRIDGEPORT

Memorandum filed April 27, 1966

*Harold M. Mulvey,* attorney general, *Carl D. Eisenman* and *F. Michael Ahern,* assistant attorneys general, for the plaintiff.

*Saltman, Weiss & Weinstein,* of Bridgeport, for the defendant.

PALMER, J. This is an appeal from a decree of the Probate Court for the district of Greenwich ordering the plaintiff, the treasurer of the state of Connecticut, to transfer to attorneys for Alexander Yakuta one-fourth of the assets of the estate of the decedent, Andrew Yakuta, late of Greenwich.

To the original appeal, Alexander Yakuta, hereinafter called the defendant, pleaded in abatement and to the jurisdiction of the court on the ground that the plaintiff is not aggrieved by the decree because he "lacks the necessary direct pecuniary interest, or any other interest, to entitle or permit him to appeal." The plaintiff demurred to the plea

in abatement. The court *(Gaffney, J.)* overruled the demurrer and sustained the plea. Judgment was entered accordingly. Upon motion of the plaintiff, the court *(Gaffney, J.)* set aside the judgment that had been entered and deleted so much of its memorandum of decision as stated that the plea in abatement was sustained.

Thereafter, the plaintiff, with the permission of the court, filed an amended motion for appeal from probate in which the following appears: On December 23, 1952, the Probate Court for the district of Greenwich entered a decree distributing funds of the decedent to the treasurer of the state of Connecticut pursuant to the provisions of a statute that is now § 45-278 of the General Statutes, and such funds were paid over to the then treasurer of the state. The Probate Court held a hearing on the application of the defendant and another claimed heir and issued a memorandum of decision, dated June 29, 1964, which stated that the decedent's will left his estate "to my brother, Joseph Yakuta and my nephews, Paul Yakuta, Alexander Yakuta, and Trofim Yakuta, all of Moscow, Russia, in equal shares." The memorandum said: "Lack of evidence of the existence or nonexistence of the beneficiaries named in the will of the decedent, was the primary basis for the entry for the order for delivery of the estate's assets to the Treasurer of the State of Connecticut." It further said "that no sufficient evidence has been produced to justify a finding that any beneficiary residing in Russia would not have the benefit or use or control of property due to him." The decree of the Probate Court dated May 4, 1965, and here appealed from found that the defendant "is entitled to one-fourth of the assets of said decedent's estate which are in the custody of the Treasurer of the State of Connecticut" and ordered the treasurer to transfer to attorneys for

the defendant one-fourth of the assets and to retain the balance of the estate.

To the amended appeal the defendant simultaneously pleaded in abatement and demurred on the ground that the plaintiff "is not, as a matter of law, aggrieved" by the decree appealed from because he "lacks the necessary direct pecuniary interest, or any other interest, to entitle or permit him to appeal." This is the exact language contained in the plea in abatement to the original appeal. The plaintiff filed a general denial to the plea, and the matter came before the court for argument upon both the plea in abatement and the demurrer. At the argument, counsel for the plaintiff waived any objection to the plea in abatement on the ground that it was not filed within the time limited therefor, and the attorney for the defendant stated he would withdraw his demurrer. Accordingly, the case is now before the court on the allegations of the plea that as a matter of law the plaintiff is not aggrieved, and the plaintiff's denial of those allegations.

In *Nikitiuk* v. *Pishtey,* 153 Conn. 545, which also involved a fund in the custody of the state treasurer pursuant to the provisions of § 45-278, the Superior Court at first denied a motion that the state treasurer be joined as a party defendant but after reargument granted his application. In reviewing this ruling, the Supreme Court said (p. 555): "Both by statute (General Statutes §§ 52-102, 52-107 and 52-108) and by rule (Practice Book §§ 61 and 62), the court is granted broad discretion to add or drop parties to proceedings before it. In this instance the state treasurer was the statutory custodian in possession of the res which was the subject of the litigation. The granting of the motion to make him a party defendant neither enlarged the scope of the appeal nor delayed its determination. It cannot be

held that the granting of the motion was an abuse of the court's discretion."

Clearly, *Nikitiuk* holds that in an appeal from a Probate Court decree involving the distribution of a fund held by the state treasurer pursuant to § 45-278, the Superior Court may in its discretion join the state treasurer as a party defendant. If the treasurer may properly be joined as a party in an appeal from probate involving such a fund, it is difficult to see why he may not initiate such an appeal from probate, as he has done in the case at bar. The defendant's claim that the plaintiff is not aggrieved as a matter of law must be overruled.

The plea in abatement is overruled.